12-2581-cr
United States v. Tuite

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of April, two thousand and thirteen.

Present:
> PETER W. HALL,
> DENNY CHIN,
> > *Circuit Judges,*
> JANE A. RESTANI,
> > *Judge.*[*]

---

United States of America,

> *Appellee,*

> v.                                                                No. 12-2581-cr

Jason Tuite, AKA Jason Tyson, AKA Bryan Tyson,

> *Defendant – Appellant.*

---

FOR APPELLANT:          Darrell B. Fields, Of Counsel, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY.

---

[*] The Honorable Jane A. Restani, of the United States Court of International Trade, sitting by designation.

1

FOR APPELLEE:          Susan Corkery and Tyler J. Smith, Assistant United States
                       Attorneys, *for* Loretta E. Lynch, United States Attorney for the
                       Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Irizarry, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Defendant-Appellant Jason Tuite appeals from the district court's judgment convicting him of three counts of knowingly distributing child pornography and one count of knowingly possessing child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (a)(4)(B), and sentencing him principally to 120 months' imprisonment. On appeal, Tuite argues that his sentence is substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the substantive reasonableness of a sentence for abuse of discretion, *Gall v. United States*, 552 U.S. 38, 51 (2007), "tak[ing] into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts," *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). "[W]e will not substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case." *Id.* at 189. Accordingly, we will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *Id.* (emphasis omitted) (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)).

2

Relying on our decision in *United States v. Mishoe*, 241 F.3d 214 (2d Cir. 2001), Tuite contends that his 120-month imprisonment sentence was disproportionately long relative to the only prior imprisonment sentence that he has served. In *Mishoe*, we suggested that the length of a defendant's impending sentence relative to any previous sentences he has served may be relevant to whether the impending sentence has a sufficient deterrent effect. *See* 241 F.3d at 220. We did not, however, require sentencing courts to consider proportionality between a defendant's impending and prior sentences, *see id.*, and such proportionality, moreover, must be considered in combination with other factors under the totality of the circumstances, *see Cavera*, 550 F.3d at 190. Here, the district court acted within its discretion in determining that a 120-month sentence was necessary in light of all of the circumstances, including the need to protect the public and have a sufficient deterrent effect given Tuite's criminal history involving sexual contact or attempted sexual contact with minors, notwithstanding that his longest previous imprisonment sentence was 12 months. Finally, contrary to Tuite's argument, there is no indication that the district court placed undue deference on the child pornography Guidelines in disregard of our decision in *United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010).

We have considered Tuite's remaining arguments and find them to be without merit. The judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3